# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-0475V**
**Filed: December 12, 2016**
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ALLEN O. CABANSAG,                     *
                                       *
               Petitioner,             *
                                       *
v.                                     *
                                       *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                    *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                    *
                                       *
               Respondent.             *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner.*
*Robert P. Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 14, 2016, Allen O. Cabansag ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that he suffered a right shoulder injury following the administration of the diphtheria, tetanus, and acellular pertussis ("DTaP") vaccine on February 28, 2014. Petition at 1. On August 23, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 20).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 13, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 24).  Petitioner requests attorneys' fees in the amount of $27,562.50 and attorneys' costs in the amount of $458.20, for a total amount of $28,020.70. Attachments 1-3 to Petitioner's Motion (ECF No. 24).  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *See* Informal Remark, dated Dec. 12, 2016.

On September 23, 2016, respondent filed a response to petitioner's motion. (ECF No. 25).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00" but provides little explanation for how she arrived at this proposed range, citing only five prior cases that she characterizes as similar.  *Id.* at 3.

On September 27, 2016, petitioner filed a reply.  (ECF No. 26).  "Petitioner contends that her attorney fees and costs are reasonable."  *Id.* at 2.  Petitioner "affirms that her fees and costs set forth in this case are reasonable, and respectfully requests that petitioner be awarded fees and costs" in the amount requested.[3]  *Id.* at 4. Petitioner did not charge any additional fees for her reply.

In a reasoned decision involving petitioner's counsel issued approximately one year ago, another special master found that the *Davis* exception applies to the geographical area where petitioner's counsel practices.  *See Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *11-12 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).  In that decision, the special master determined that an appropriate hourly rate for the work performed by petitioner's counsel in 2015 was $315. *Id.*, at *12.  The undersigned agrees with and adopts the reasoning in *Gonzalez* regarding the application of local attorney rates when determining appropriate hourly rates for petitioner's counsel.  However, the undersigned finds that the hourly rate requested by petitioner, $350, is an appropriate local rate.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

---

[3] In petitioner's reply, this amount is listed as $28,028.70 but that amount to be a mistake.  Petitioner's Reply at 4.  As indicated in petitioner's motion, petitioner is requested a total of $28,020.70.  Petitioner's Motion at 3.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards $28,020.70[4], representing reimbursement for all attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Carol L. Gallagher.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.